## Commonwealth v. Toliver

*Bernard I. Shovlin,* for Commonwealth.
*David E. Thomas,* for appellant.

KELLEY, J., October 5, 1960.—This is an appeal of John Toliver from an order of the Secretary of Revenue suspending his operator's license for a period of 15 days for an alleged violation of section 1018-A of The Vehicle Code of April 29, 1959, P. L. 58, as amended, for passing a school bus while the bus was loading or unloading.

On September 20, 1960, this court held a hearing de novo at which time both parties presented evidence. As a result of such evidence we make the following

### Findings of Fact

1. On September 21, 1959, appellant's truck was halted at a traffic signal at the intersection of Lancaster Avenue and Bryn Mawr Avenue, in Bryn Mawr. He had been proceeding eastwardly on Lancaster Avenue.

2. A school bus was also stopped at the intersection. The bus had been proceeding westwardly on Lancaster

Avenue and was at the curb line. It was picking up passengers but was obscured from view by a semi-tractor trailer and an auto which had been proceeding in the same direction but which were in the center lane.

3. Appellant could not see the school bus until, after proceeding across Bryn Mawr Avenue on Lancaster Avenue at a very low rate of speed because of a heavy load of stone he was carrying, he was past the tractor-trailer and the auto. When he was halted by the arresting officer and stopped, he could see the rear of the bus.

### Discussion

Appellant's license was suspended for passing a halted school bus when the evidence shows that he could not have been aware of the existence of the said bus or the fact that the bus had stopped and was discharging passengers.

We note that section 840(a) of The Vehicle Code, supra, provides that school buses shall be equipped with specified equipment which is designed to allow other drivers to be aware of their presence. Where the intent of the act is to give approaching traffic warning of the presence of a school bus, and where the evidence shows that appellant used due care in operating his vehicle, and yet had no warning of the presence of the bus, the appeal must be sustained.

Accordingly, we enter the following

### Order

And now, to wit October 5, 1960, upon consideration of the evidence and the circumstances presented in this case after a hearing de novo, it is hereby ordered and decreed that the appeal of John Toliver from the order of the Secretary of Revenue suspending his operator's license for 15 days is sustained. The order of the Secretary of Revenue is reversed and the operator's license of appellant is hereby ordered reinstated.